**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Kelly Bland,

Plaintiff,

v.

Advosy Energy LLC,

Defendant.

No. CV-25-03674-PHX-KML

**ORDER**

Plaintiff Kelly Bland seeks default judgment on her claim under the Telephone Consumer Protection Act ("TCPA"). (Doc. 13.) The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Bland weighs in favor of default judgment because if "default judgment is not granted, [Bland] will likely be without other recourse for recovery" against defendant Advosy Energy LLC. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Bland's claim and the sufficiency of her complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [she] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Bland resides in Texas and "Advosy is a for-profit company with a business location" in Gilbert, Arizona. (Doc. 1 at 1-2.) Bland has a telephone number "assigned to a cellular service provider and is used primarily for personal use." (Doc. 1 at 2.) Bland registered her number on the National Do Not Call Registry in 2009. (Doc. 1 at 2.) Despite the registration, between October 4, 2021 and January 6, 2022, Bland received seven "unsolicited calls from [Advosy] or its agents promoting solar energy products and services." (Doc. 1 at 2.) Bland never requested information from Advosy, never provided consent to be called, and had no business relationship with Advosy. (Doc. 1 at 3.)

Based on these events, Bland asserts one claim under the TCPA and its regulations. The type of claim Bland asserts requires allegations "she: (1) received more than one telephone call within any 12-month period; (2) that the calls were by or on behalf of the same entity; and, (3) that the calls violate the regulations prescribed under [the TCPA]." *Carrodine v. Zupax Mktg., LLC*, 351 F.R.D. 164, 168 (D. Nev. 2026). Bland has alleged she received seven phone calls promoting Advosy's products and services to her number listed on the Do-Not-Call Registry. That is sufficient to state a TCPA claim. The second and third factors support default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). Bland is seeking an

award of statutory damages of $500 per call, as well as treble damages. (Doc. 13 at 1.) Bland seeks a total damages award of $10,500 ($1,500 x 7 calls). As the simple product of the statutory damages explicitly authorized by statute, the amount sought is proportional to the harm caused. The fourth factor supports entry of default judgment.

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Advosy's decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

### 5. Excusable Neglect

There is no indication Advosy's failure to participate is the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

### 7. Default Judgment is Merited

Under the seven factors, default judgment is appropriate.

### 8. Damages

It is Bland's burden to prove the amount of her damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Because Bland is seeking statutory damages and she has adequately established seven violations, she is entitled to statutory damages for those seven calls. The only remaining question is whether treble damages are appropriate. The TCPA states "[i]f the court finds that the defendant willfully

or knowingly violated [the TCPA or its regulations], the court may, in its discretion," award treble damages. 47 U.S.C. § 227(b)(3). "[T]his standard requires more than merely intentional or volitional action." *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 22-15710, 2023 WL 7015279, at *3 (9th Cir. Oct. 25, 2023), *rev'd on other grounds sub nom. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025). "Willfully" requires "awareness than an action constitutes a legal violation" and "knowingly" requires "awareness of the facts that constitute a legal violation." *Id.*

Bland does not allege sufficient facts establishing six of Advosy's calls were done willfully or knowingly in violation of the TCPA. Bland does not allege she informed the first six callers that her number was on the registry, nor does Bland allege she told the callers not to call again. Bland's only argument regarding those calls appears to be they were made "despite [Bland's] long-standing registration on the National Do Not Call Registry." (Doc. 13-2 at 3.) Bland does not explain why placement on the Do-Not-Call Registry establishes, on its own, that Advosy acted willfully or knowingly. But Bland alleges she sent a "written demand letter" to Advsoy and, after that letter, Bland received one additional call. (Doc. 1 at 3.) Calling Bland after receiving a written demand to stop calling is sufficient to support an award of treble damages.

Bland is awarded $500 for six of the calls and $1,500 for one call, for a total of $4,500. Bland also requests an award of taxable costs. (Doc. 13-2 at 3.) Bland may file a bill of costs regarding those costs.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 13) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Kelly Bland and against Advosy Energy LLC in the amount of $4,500, and close this case.

Dated this 30th day of June, 2026.

Honorable Krissa M. Lanham
United States District Judge